IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:10-cv-10013-KMM

UNITED STATES OF AMERICA;
*ex rel.* BRUCE L. BOROS, M.D.; and
JOSEPH E. O'LEAR, M.D.,

      Plaintiffs,

vs.

HEALTH MANAGEMENT ASSOCIATES, INC.,
a Delaware for-profit corporation; and KEY WEST
HMA, LLC, a Florida for-profit limited liability
company doing business as LOWER KEYS
MEDICAL CENTER,

      Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Third Amended Complaint (ECF No. 73). The United States filed a Statement of Interest Regarding the Defendants' Motion to Dismiss (ECF No. 76), Relators filed a Response (ECF No. 77) and Defendants filed a Reply (ECF No. 78). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Statement of Interest, the Response, the Reply, the pertinent portions of the record, and being otherwise fully advised in the premises, this Court enters the following Order.

I.     **BACKGROUND**[1]

The above-styled case is a relator action for damages and civil penalties on behalf of the United States of America under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, arising

---

[1] The facts herein are taken from Plaintiffs' Third Amended Complaint (ECF No. 67). All facts are construed in a light most favorable to Plaintiffs as the non-movants.

1

out of false or fraudulent claims presented by Defendants under the Federal Medicare Program and other federally funded programs (collectively, "Medicare"). Third Am. Compl., ¶ 1. Plaintiffs further allege that Defendants made false statements and representations in order to receive Medicare funds in violation of 42 U.S.C. § 1320a-7b(a) in regard to cardiac catheterization procedures performed at Defendants' hospital. Defendants now seek to dismiss Relators' Third Amended Complaint ("Complaint") for failure to state a claim upon which relief may be granted. Defendants contend that Relators' Complaint must be dismissed, because Relators have not plead the particularities associated with a single Medicare claim presented for payment to the Government or paid by the Government.

## II.   ANALYSIS

The False Claims Act subjects to civil liability "[a]ny person who knowingly presents, or causes to be presented, to . . . the United States Government . . . a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1), as well as "[a]ny person who conspires to defraud the Government by getting a false or fraudulent claim allowed or paid." 31 U.S.C. § 3729(a)(3). "The submission of a [false] claim is . . . the sine qua non of a False Claims Act violation." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (citing U.S. ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1311 (11th Cir. 2002)). In the healthcare context, "[t]he False Claims Act does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe." Id.

Claims under the False Claims Act must be stated with particularity pursuant to Rule 9(b). See Clausen, 290 F.3d 1301 ("Rule 9(b) [applies] to actions under the False Claims Act."). Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud

or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of a mind of a person may be averred generally." Fed. R. Civ. P. 9(b). In addition to providing adequate notice to enable defendants to frame a response, this heightened standard serves to protect defendants from frivolous suits, to preclude fraud actions based upon facts obtained through discovery after the complaint is filed, and to prevent the damage to the goodwill and reputation of defendants that may result from even meritless claims. U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc., 755 F. Supp. 1040, 1053 (S.D. Ga. 1990). A complaint pursuant to the False Claims Act satisfies Rule 9(b) if it sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and
> (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and
> (3) the content of such statements and the manner in which they misled the plaintiff, and
> (4) what the defendants obtained as a consequence of the fraud.

Brooks v. Blue Cross Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997) (citations omitted); see also Leonard v. Stuart–James Co., Inc., 742 F.Supp. 653, 659 (N.D. Ga. 1990) (granting motion to dismiss where complaint failed to allege "specifically when, where, by whom, or specifically what the representation was"). A relator also must plead "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009) (internal quotations omitted). The Eleventh Circuit has refused to "make assumptions about a False Claims Act defendant's submission of actual claims to the Government," because doing so would "strip[] all meaning from Rule 9(b)'s requirement of specificity." Atkins, 470 F.3d at 1357.

3

Applying this standard, this Court finds that the Complaint falls short of compliance with the particularity requirements of Rule 9(b).  See Clausen, 290 F.3d 1301 (11th Cir. 2002) (upholding dismissal of False Claims Act count for failure to specify when and through which procedure each false claim was submitted for payment).  In their Response, Relators contend that they have stated numerous claims that were submitted to the government. Resp., at 3 (ECF No. 77).  Relators direct the Court to Paragraph 50 of the Complaint, which lists patients who received allegedly unnecessary cardiac catheterizations.  Paragraph 50 also states that claims were submitted to the government on its Forms UB-92 and UB-04.  This is simply not enough. The Eleventh Circuit has consistently rejected the use of generalized conclusory allegations regarding claim submissions.  See Atkins, 470 F.3d 1350.

In Clausen, like in the present action, the complaint alleged that the defendant "performed unauthorized, unnecessary or excessive medical tests . . . and knowingly submitted bills for [that] work to . . . the Government."  Clausen, 290 F.3d at 1303.  The complaint in Clausen even went into such detail as to identify specific long-term care facilities, patients, dates of testing, and testing procedures.  Id. at 1315.  Like in the instant matter, the Clausen relator alleged that the defendant had submitted Health Care Financing Administration Form 1500s, including medical test codes and diagnosis codes, when seeking reimbursement from a federal health insurance program.[2]  Id. at 1306.  Nevertheless, the Eleventh Circuit affirmed the district court's dismissal of the case, finding that the complaint did not adequately specify the what, when, and where of any claim submission.  Id. at 1312.

In Atkins, the relator described in detail an elaborate scheme for defrauding the government by submitting false claims, citing particular patients, dates and corresponding

---

[2] The relator in Clausen did not attach a single completed Form 1500.  Similarly, not a single form UB-92 or UB-04 was attached to the Complaint.

4

medical records for services that he contends were not eligible for government reimbursement. Atkins, 470 F.3d at 1359. The Eleventh Circuit found that, just like the Clausen relator, Atkins failed "to provide the next link in the [False Claims Act] liability chain: showing that the defendants actually submitted reimbursement claims for the services he describes." Id. Atkins did not profess to have firsthand knowledge of the defendants' submission of false claims. Id. Likewise, in the present action, relators lack firsthand knowledge of Defendants' submission of false claims.

Relators fail to identify any details about Defendants' alleged submission of a false claim to the government or the government's payment of that claim. Rather, Relators make several broad allegations that Defendants bill Medicare for unnecessary procedures. See Third Am. Compl., ¶¶ 18, 27, 41, 49. Relators make no mention of the "specific persons or entities that participated in any step of this [claim submission] process . . . . [or the] dates, times, or amounts of individual false claims." Hopper, 588 F.3d at 1326. Relators attach only a single medical bill to their Complaint. See Third Am. Compl., Ex. C (ECF No. 67-1). The attached bill, which Relators state in their Response is Patient X's billing record for a cardiac catheterization procedure and angiocardiography, does not reference Medicare at all. The only time "Medicaid" appears is in a note that states "AMD Medicaid and made a mistake." Id. This single bill containing an unexplained entry does not suffice to satisfy Relators' pleading obligations. Even assuming that this claim was submitted to and paid by the government, the Complaint fails to allege any particularities demonstrating why the presentation of a Medicare claim on this patient would have been improper or why the procedure for Patient X was medically unnecessary. See Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005) ("[Plaintiff] provided the 'who,' 'what,' 'where,' 'when,' and 'how' of improper practices, but he failed to allege the 'who,'

'what,' 'where,' 'when,' and 'how' of fraudulent submissions to the government."); Clausen, 290 F.3d at 1313 ("The sparse details contained in the instant complaint do not adequately specify the what, when, and where of any claim submission."). Therefore, this Court finds that Relators fail to meet the heightened pleading standard of Rule 9(b), and this case must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss Third Amended Complaint (ECF No. 73) is GRANTED. The Clerk of the Court is instructed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of October, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record